IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENDALL CHADWICK, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. G-05-165 |
| ALLIED TRANSPORTATION COMPANY, FORMOSA PLASTICS CORPORATION U.S.A., and FORMOSA PLASTICS CORPORATION, TEXAS, | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTIONS TO TRANSFER VENUE**

This case arises out of injuries sustained by Kendall Chadwick ("Plaintiff") while employed by Allied Transportation Company ("Allied"). Now before the Court come Allied's Motion to Transfer Venue and the Motion to Transfer Venue by Formosa Plastics Corporation, U.S.A. ("Formosa U.S.A.") and Formosa Plastics Corporation, Texas ("Formosa Texas"). For the reasons stated below, Defendants' Motions are respectfully **DENIED**.

I.   Background

At the time of Plaintiff's alleged injury, he worked aboard the M/V Sea Robin, a vessel operated by Allied. The vessel was in Port Comfort, Texas at the time. Plaintiff alleges negligence and unseaworthiness against Allied, and he also alleges that Formosa U.S.A. and Formosa Texas were negligent in the operation, maintenance, and design of their dock facility at Port Lavaca, Texas. All Defendants have now moved for transfer to the Southern District of Texas, Victoria Division.

II.	Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)  (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

III.	Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify

key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Plaintiff lives in Harkers Island, North Carolina. The five other crew members of the M/V Sea Robin reside in either North Carolina or Virginia. Formosa Texas has seven employees at its plant in Calhoun County who may have relevant knowledge, but Defendants do not list these or provide an outline of their likely testimony. The surveyor who was present when the vessels were loaded is employed in Port Lavaca by Coastal Gulf & International, Inc.; once again, Defendants do not outline the testimony of this potential witness. Eight of Plaintiff's doctors are in North Carolina, and one is in Port Lavaca. Plaintiff also lists Dr. Cupic and Dr. McCoin, both in the Houston area, as witnesses. Allied is a Virginia company; Formosa Texas has its headquarters in Calhoun County; and Formosa U.S.A. is located in New Jersey. Plaintiff argues that Defendants have not outlined the testimony of the potential witnesses and have not even named some of them. Plaintiff also argues that it will be much more convenient for the out-of-state witnesses to fly into Hobby Airport and drive to Galveston than to drive from there to Victoria.

Defendants have not articulated a compelling need for any particular witness in the Victoria area, nor have they demonstrated that Victoria would be more convenient for most of the likely witnesses. The Court agrees with Plaintiff that it will be far more convenient for the out-of-state witnesses to drive approximately 35 miles from Hobby Airport to Galveston than for them to drive over 100 miles from Hobby Airport to Victoria. Victoria, while a charming small town, does not have the level of amenities such as hotels and shuttle service to the airport that are available in the Galveston area. These factors certainly make travel to Victoria less convenient for out-of-state witnesses. Therefore, this factor weighs against transfer.

*B. Location of Books and Records*

The location of books and records is generally of little importance in this type of case. Defendants have not given the Court any indication that the records are so voluminous as to cause Defendants to incur substantial cost in transporting them to this Court, or that bringing them to Victoria will be any less costly. *See LeBouef*, 20 F.Supp.2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). This factor weighs neither for nor against transfer.

*C. Potential for Delay*

Plaintiff argues that the presiding judge in Victoria, the Honorable John Rainey, spends a considerable amount of time sitting in Houston, such that this case will be delayed because of Judge Rainey's schedule if it is transferred to Victoria. The Fifth Circuit has articulated a stringent test for the use of potential delay to deny a transfer. *See In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ([I]n rare or special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). While Judge Rainey's schedule may constitute a rare circumstance, Plaintiff has not brought forth clear and convincing evidence that it would cause a significant delay in the resolution of this fairly young case. Nonetheless, this Court recognizes that Judge Rainey travels not only to Houston, but also to Laredo and Corpus Christi to help his colleagues in those towns. This Court can alleviate the burden on Judge Rainey by retaining cases such as this one, in which the other § 1404 factors do not weigh heavily in favor of transfer to Victoria.

*D. Plaintiff's Choice of Forum*

Defendants acknowledge that the Plaintiff's choice of forum is generally entitled to great deference, but they maintain that the choice of forum is entitled to less deference when the plaintiff

does not live in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff lives in Harkers Island, North Carolina. However, Plaintiff's choice is still entitled to some deference because this case has other connections to this forum. The case has strong ties to this District as a whole, and the location of witnesses in multiple Divisions within this District means that no one Division will be most convenient for all Parties and witnesses. This factor weighs slightly against transfer.

*E. Place of the Alleged Wrong*

Defendants also argue that the Court should consider the place of the alleged wrong. At the time of Plaintiff's injury, the vessel was located in Port Comfort, in Calhoun County, which is one of the counties comprising the Victoria Division. This factor weighs in favor of transfer, but because the Victoria Division and the Galveston Division are within the same District, the Court finds that the location of the accident is a less persuasive argument for transfer. All the citizens of the Southern District of Texas have an interest in the health and safety of those working in this District.

IV.     Conclusion

Because Defendants have failed to carry their burden of showing that transfer to the Victoria Division would increase the availability and convenience of the witnesses and generally be in the interest of justice, Defendants' Motions to Transfer Venue are hereby respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 11th day of July, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge